1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON**

8

9 | **Daniel (Katherine Wren Katzenjammer) Young and Richard Young,**

10

11                  **Plaintiffs,**

12   **v.**

13 **PATRICK E. PEÑA individually and in his Official Capacity as an OFFICER of the BELLINGHAM POLICE DEPARTMENT ; NICOLAS STURLAUGSON, individually and in his Official Capacity as an OFFICER of the BELLINGHAM POLICE DEPARTMENT; TRAVIS HAURI, individually and in his Capacity as a CRIME SCENE INVESTIGATOR of the BELINGHAM POLICE DEPARTMENT; DAVID JOHNSON, Individually and in his Capacity as a SERGEANT of the BELINGHAM POLICE DEPARTMENT;**

14

15

16

17

18

19

20

21

**NO.**

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (U.S. and WA CONST.) (1st, 4TH, 5th, 8TH and 14th AMENDMENTS); FALSE ARREST; FALSE IMPRISONMENT; ASSAULT, BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; VIOLATION OF RCW 49.60.030; NEGLIGENCE**

**JURY TRIAL DEMANDED**

22

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

23

24

1

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

**CITY OF BELLINGHAM; and Does 1-200**

**Defendants.**

Daniel (Katherine Wren Katzenjammer) Young and Richard Young, the Plaintiffs herein, by and through their attorney, allege as follows:

## I. JURISDICTION

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

2. The claims upon which this suit is based occurred in this judicial district.

3. Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district.

2.1 PLAINTIFF DANIEL YOUNG is a single First Nations person residing primarily in the State of Washington, in WHATCOM County within the Western District of Washington. Plaintiff Young is in the process of changing her name to KATHERINE WREN KATZENJAMMER. This Plaintiff was the victim of Race Discrimination,

2

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

excessive force, false arrest, grossly offensive invasion of privacy, malicious prosecution, AND OTHER Constitutional and tort violations as described below, at the hands of Defendants Peña, Sturlaugson, Hauri, Johnson and other officers and Doe Defendants after a false report to the police.

2.2 PLAINTIFF RICHARD YOUNG is a single First Nations man residing primarily in the State of Washington, in WHATCOM County within the Western District of Washington. He is the father of Daniel Young and was one of the two actual tenants of the property where the incident occurred. RICHARD YOUNG is a patient at the Kidney Center in St. Joseph's Hospital receiving dialysis on Mondays, Wednesdays and Fridays. Mr. Young can barely walk and cannot run or charge at anyone. This Plaintiff was the victim of Race Discrimination, excessive force, false arrest, malicious prosecution, and other Constitutional and tort violations as described below, at the hands of Defendants Peña, Sturlaugson, Hauri, Johnson and other officers and Doe Defendants after a false report to the police by a third party with a history of lying.

2.3 DEFENDANT PATRICK PEÑA is a male, marital status unknown who, by information and belief resides primarily in the State of Washington, in WHATCOM County within the Western District of Washington. Defendant Peña is and was, at the time of this incident a Bellingham Police Officer acting under color of authority in the performance of his duties, and acting within the course and scope of his duties, and,

3

**YOUNG v. PENA, et al.,** **CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

based on a false report, burst into the residence of Richard Young-where PLAINTIFFS were peacefully sleeping, without cause or justification, along with Defendant Sturlaugson tasered both Plaintiffs twice each, otherwise physically assaulted them, dragged them out of Richard's apartment and arrested them.

2.4 DEFENDANT NICOLAS STURLAUGSON, is a male, marital status unknown who, by information and belief resides primarily in the State of Washington, in WHATCOM County within the Western District of Washington. Defendant Peña is and was, at the time of this incident a Bellingham Police Officer acting under color of authority in the performance of his duties and acting within the course and scope of his duties, and, based on a false report, burst into the residence of Richard Young-where PLAINTIFFS were peacefully sleeping, without cause or justification, along with Defendant Peña tasered both Plaintiffs twice each, otherwise physically assaulted them, dragged them out of Richard's apartment and arrested them.

2.5 DEFENDANT TRAVIS HAURI, is a male, marital status unknown who, upon belief resides in WHATCOM County within the Western District of Washington State. Upon knowledge and belief, HAURI was at the time of the injuries complained of in this Complaint, an Crime Scene Investigator (CSI) with the BELLINGHAM POLICE DEPARTMENT (hereinafter identified as BPD), acting under color of authority in the performance of his duties and acting within the course and scope of his duties, and,

4

**YOUNG v. PENA, et al.,** **CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

based on a false report, burst into the residence of Richard Young-where PLAINTIFFS

were peacefully sleeping, without cause or justification, and assisted OFFICERS PENA

AND STURLAUGSON to physically assault both DANIEL YOUNG and RICHARD

YOUNG, drag them out of Richard's apartment and arrest them. He then deliberately

violated PLAINTIFF DANIEL YOUNG and PLAINTIFF RICHARD YOUNG's right to

privacy by conducting an illegal, unwarranted search of PLAINTIFF DANIEL YOUNG

body while PLAINTIFF was unconscious in order to gather evidence; and took

PLAINTIFF RICHARD YOUNG from OFFICER PENA's police vehicle while he was

extremely disoriented and semi-conscious in order to take pictures of the Taser probe

impact sites before removing them.

2.6 DEFENDANT DAVID JOHNSON, is a male, marital status unknown who, upon

belief resides in WHATCOM County within the Western District of Washington State.

Upon knowledge and belief, DEFENDANT JOHNSON was at the time of the injuries

complained of in this Complaint, a SERGEANT supervisor and/or agent of the

BELLINGHAM POLICE DEPARTMENT (hereinafter identified as BPD), acting under

color of authority in the performance of his duties and acting within the course and

scope of his duties. He was the supervisor and upon knowledge and belief, trained the

officers and employees under his command in the procedures used that resulted in the

injuries complained of herein. SGT. JOHNSON also accompanied DEFENDANT CSI

5

**YOUNG v. PENA, et al.,** **CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

HAURI to the hospital where he assisted and/or supervised the illegal and unwarranted

photographing of PLAINTIFF DANIEL YOUNG in order to gather evidence.

2.7 DEFENDANT CITY OF BELLINGHAM is a government entity in WHATCOM

COUNTY governed and functioning under the laws of the State of Washington. It

employs OFFICER PATRICK PENA, OFFICER NICOLAS STURLAUGSON,

INVESTIGATOR TRAVIS HAURI and SERGEANT DAVID JOHNSON, as well as John

and Jane Doe involved employees, supervisors of the BPD and other city officials and

police officers whose identities are unknown, who were involved in this incident and

committed the Constitutionally violative, and tortious conduct against Plaintiffs and/or

were involved in the policy development and implementation and/or failure to train,

supervise, and discipline the DEFENDANTS, both named and DOES.

2.8 There are other persons, including Whatcom County Sheriff Deputy Rathman

and Officer Christopher Kaiser, who were present on the scene but whose actions are

unknown to PLANTIFFS, and other persons whose identities presently are unknown to

Plaintiffs, who are and were at all times mentioned herein, employees, officers,

supervisors, incident commanders, training, and/or disciplining officers, and/or decision-

makers of the BELLINGHAM POLICE DEPARTMENT, WHATCOM COUTY SHERIFF'S

OFFICE, the BELLINGHAM FIRE DEPARTMENT, the paramedic responders, and/or

other agencies who acted in concert with the above named Defendants and who

6

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

devised or approved the actions that are the subject of this action and in doing the things hereinafter alleged, acted under color of STATE and FEDERAL LAW as agents of the various named entities, and/or other involved individuals and/or agencies and with those agency(ies)'s full consent and approval.

2.9 DOES 1-200 are, and were at all times mentioned herein, law enforcement personnel, Deputies, Supervisors, the Incident Commander for this incident, involved actors, elected or appointed Police or Governmental Officials, and/or associated private entities or individuals, involved in the Planning, Creation, Development, training in, policy leading to the surveillance, false detention, false imprisonment, and or use of force against Plaintiffs and the violations of Plaintiffs' Constitutional Rights in the incidents that are the subject of this action, or Exercise Of Police Force and Control, and/or failing to discipline officers, thus tacitly encouraging these incidents to occur against Plaintiffs that are the subject of this action, and in committing the acts and omissions herein alleged, acted under color of state law as law enforcement employees, agents of the CITY OF BELLINGHAM POLICE DEPARTMENT, WHATCOM County Sheriff's Office and/or any political subdivision thereof, WHATCOM County and/or any subdivision or predecessor organization, and/or the City of BELLINGHAM and/or any subdivision or predecessor organization, and/or any other governmental entity who came to the scene, and violated Plaintiffs' rights as discussed.

7

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

2.10 This action is brought pursuant to the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the Anti-discrimination section of the Washington RCW (46.60.030) and common law torts.

2.11 Plaintiffs filed tort claims in this matter on May 11, 2018. The City of Bellingham rejected those claims by letter on June 25, 2018.

### III. FACTS

3.1     Plaintiff Richard Young is a 65 year-old First Nations man with a debilitating kidney condition that for several years (since well before the incident in question) has required kidney dialysis three times per week.

3.2     Richard Young can and could at the time of the incident barely walk and is extremely weak and not a threat to anyone's safety.

3.3     In 2016 Richard Young signed a lease for a two bedroom apartment at 2619 West Maplewood in Bellingham (Apt. 107).

3.4     Out of the goodness of his heart, Richard allowed a longtime acquaintance known as Heather, Natalie, Natalia, and a variety of other names as is convenient, to cosign the lease and occupy one of the bedrooms.

3.5     She cosigned the lease under the fictitious name of "Neveah Vaughn".

3.6     Her real name is unknown, but a warrant is out for her arrest in Arizona under the name of Heather _____ for violating a court custody order and kidnapping

8

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

her mentally disabled son and transporting him to Washington, and she has a lengthy

arrest record and civil suit record under that name.

3.7     The ostensible reason for "Heather"'s desire to live in Whatcom County was

to be in closer proximity to her Canadian husband(?) and further from an allegedly

abusive boyfriend in Centralia.

3.8     As soon as they moved into the apartment, Heather launched a campaign to

drive Richard from his bedroom so she could install her daughter and a companion

(Andrew Albers)who was introduced at different times as the daughter's brother and as

her boyfriend.

3.9     The daughter has also gone by a variety of fictitious names including Isabelle

and Isabella.

3.10    At the time of the main incident that is the basis for this complaint, she was

going by Isabella Petrova, which is how she referred to herself when filing the false

report with the Bellingham Police Department that led to this incident.

3.11    Isabella Petrova is the name of a fictional character from the "Twilight" book

and movie series.

3.12    Plaintiffs cannot locate "Heather" or "Isabella" and their whereabouts are

unknown.

9

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.13   Eventually "Heather" succeeded in her efforts to drive Richard from his bedroom even though he was paying at least half and often all of the rent from his benefits check.

3.14   Richard was then forced to sleep on a couch in the living room.

3.15   On the night of June 2, 2016, Richard had invited his then son (now daughter) Daniel, (Now Katherine), also dark skinned and obviously indigenous, over for a visit.  They sat in the living room talking and drinking, in Richard's home.

3.16   "Heather" was not home, but "Albers" and "Petrova" were in Richard's former bedroom.

3.17   Richard and Daniel Young had no contact with "Albers" or "Petrova" except for a brief verbal greeting.

3.18   For a reason that is not currently known to a certainty, but is strongly believed to be for the purpose of getting Richard Young kicked out of the apartment so that she could formally take over "Petrova" called in a fictitious sexual assault complaint against Daniel Young, who had not touched her, had barely seen her, and said nothing to her other than hello.

3.19   Defendant BPD Officers Peña and Sturlaugson burst into the apartment woke Richard and Daniel Young and started yelling orders before the Youngs were even conscious, taking their disorientation as defiance and disobedience.

10

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.20    Peňa and Sturlaugson startled Daniel Young awake and immediately began ordering him to get on the couch and contradictorily to leave the apartment and to cooperate.

3.21    Daniel Young was willing to cooperate, and offered and attempted to do so.

3.22    In spite of that cooperation, Peňa and Sturlaugson began to physically assault Daniel Young, while ordering them  to leave their father's apartment, thus waking up Richard.

3.23    Richard Young, groggy, confused, and under the effects of alcohol began demanding that the officers stop attacking his child.

3.24    Peňa and Sturlaugson responded to the confusion and panic that they had caused by tasing Richard Young once and Daniel Young twice without warning or provocation.

3.25    Defendant Officers falsely claim that the tasings were justified, claiming that Richard Young, who can barely walk and was semi-conscious charged at them and struck them and that Daniel Young, who was tased first, was tased because he supposedly attempted to pull the taser darts/wires out of his father's body, which he would never do, and could not have done if he was tased first, as he was.

3.26    Richard Young never moved towards Peňa or Sturlaugson or touched them in any way.

11

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.27    Peňa and Sturglaugson then threw the Youngs to the floor pulling  Richard Young's hair and twisting both Youngs' arms, and called for back-up.

3.28    Richard Young was and is generally in extremely poor health and suffered(s) from the previously discussed kidney disease.

3.29    Daniel Young had a pulmonary embolism that the shock from the tasers could easily have caused to break loose and travel to the brain, killing him immediately.

3.30    The Youngs were each panicked and worried about each other, demanding to speak to each other,

3.31    The Officers refused and took that demand as an additional sign of defiance.

3.32    BPD Crime Scene Investigator Travis Hauri arrived and participated in brutalizing the Youngs as did Lt, David Johnson, and Officer Christopher Kaiser.

3.33    The officers dragged the Youngs outside and proceeded to tase Richard again while he was lying on the ground already in handcuffs.

3.34    Defendant BPD Crime Scene Investigator HAURI has Richard Young, who is unconscious or semi-conscious and in shock, taken out of Pena's car, with the taser darts still in Richard Young's body in order to take pictures of Richard Young's wounds and body without his permission or knowledge.

3.35    Eventually paramedics (Doe Defendants one and two) arrived, summoned by BPD and proceeded to administer and injunction to Daniel Young, who was lready essentially unconscious, that rendered him further unconscious.

12

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.36   The Paramedics then took Daniel Young to St. Joseph's hospital where he was treated while handcuffed to the bed.

3.37   While Daniel Young was unconscious, Defendant HAURI, by his own admission uncovered Daniel Young's body and without Young's knowledge took photographs of the four puncture wounds from the two taser darts and a bruise inflicted by the officers, and of Young's body in general to store as evidence.

3.38   Young was already in the process of "right gendering" from male to female, and is an extremely private person and for both of these reasons finds this violation to be extremely offensive.

3.39   He was eventually released without a citation, only to be charged by the City with misdemeanor sexual assault weeks later despite the specious nature of the case the supposed victim's complete disappearance.

3.40   That case was eventually dismissed seven months after the incident

3.41   Meanwhile, Richard Young in extremely fragile physical condition was taken to the Whatcom County Jail where he was held from his arrest on a Thursday night and then held over the weekend.

3.42   His need for a kidney dialysis was never addressed.  He requires kidney dialysis on Monday, Wednesday and Fridays.

13

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.43   He was not allowed to attend his dialysis on that Friday, nor did the jail arrange for him to have dialysis or any other form of relief or medical attention for my condition causing him severe physical distress and putting his life at risk.

3.44   Richard Young was finally released on bail on the following Monday having spent five days in jail for supposedly assaulting an officer who brutalized him, and who he never touched.

3.45   The entire incident was tinged by racist assumptions and force  and actions that neither Peña nor Sturlaugson would have exhibited towards white subjects.

3.46   Instead on entering the residence calmly to investigate the specious accusation, they charged in shouting orders to the two sleeping occupants and tasing first and asking questions later, all of which is all too familiar in the history of law enforcement treatment of Native Americans.

3.47   As a result of the incident and the false charges filed against the Youngs, both were evicted from their homes and each spent months homeless thus further exacerbating their medical conditions and fundamentally disrupting  and temporarily destroying their lives

3.48   The City dismissed the sexual assault charge against Daniel Young in the interest of justice after seven months  due to questions about the veracity of the victim

14

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

3.49   Eventually, after more than a year, Whatcom County dismissed the felony assault charge against Richard Young, and the Youngs were able to attempt to move on with their lives

3.50   They both suffered profound emotional trauma and physical disruption that continues to affect them, an ongoing rupture to their personal relationship, severe economic loss and other harm.

3.51   Meanewhile, "Heather/Nevaeha/Natalie/Natalia was also evicted and left town along with "Petrova" and "Albers" who never officially lived there in the first place.

3.52   The Civil Division of the Bellingham City Attorney's Office continues to insist that the officers' actions were justified.

3.53   All of the involved officers were wearing body cameras, and are visible and audible on the videos that exist testing the cameras.

3.54   Peña conveniently, in spite of this, claims that he "forgot" to hit record and that there is no video from his camera.  Thus the evidence that would most clearly prove what did and did not happen at the scene conveniently for Peña does not, allegedly, exist.

3.55   On December 22, 2015, PLAINTIFFS filed civil claims for damages against the City. On February 4, 2016, the Bellingham City Attorney's Office formally rejected those claims, and the required 60-day period will expire on July 10, 2018.

15

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

# IV. STATEMENT OF DAMAGES

4.1     As a direct and proximate result of the intentional and/or negligent acts of Defendants and those acting on behalf of them, Plaintiffs sustained deprivation of their First, Fourth, Fifth, Eighth, and Fourteenth Amendment Rights, deprivation of liberty, great bodily harm, violations of privacy, threats to and fear for his personal safety, discrimination based on race, economic loss, loss of their homes, loss of quiet enjoyment of their home (Richard)pain and suffering and injury in an amount that will be established at trial.

4.2     As a direct and proximate result of the intentional and/or negligent acts of Defendants and those acting on behalf of them, PLAINTIFFS suffered severe emotional distress, intense fear for the safety of each other while in the zone of danger, in an amount to be established at trial.

4.3     As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs have had to retain legal counsel to vindicate their rights in court at an amount to be established at trial, for their criminal cases against them, and for which they are entitled to be reimbursed.

4.4     As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs have had to retain legal counsel to vindicate their rights in court at an amount to be established at trial, and for which they are entitled to be reimbursed.

16

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

1   4.5 As a further direct and proximate result of the intentional and negligent acts

2   of the Defendants, PLAINTIFFS, underwent frightening physical and psychological

3   abuse, as well as violations to their privacy and personal information solely caused by

4   DEFENDANTS PEÑA, STULAUGSON, HAURI and other unnamed DEFENDANTS'

5   abuse of their position(s) as law enforcement officers, and the Departments' policies

6   and failure to properly train, supervise, and discipline them. This was compounded by

7   deliberate policies emanating from the CITY OF BELLINGHAM that pay lip service to

8   opposing racial profiling while engaging in it, particularly as to Latinos and Native

9   Americans.

10   4.6   PLAINTIFFS are entitled to compensation for the Constitutional and

11   personal harms Defendants inflicted on them and the chilling effect their actions had on

12   their lives.

13

14

15   **V. CAUSE OF ACTIONS**:

16   **COUNT ONE**
**VIOLATION OF CIVIL RIGHTS**
**42 USC § 1983**

17   (**As To DEFENDANTS PEÑA, STURLAUGSON, HAURI and DOES 1-100**

18   5.1.   PLAINTIFFS re-allege and incorporate herein by reference the allegations

19   set forth in Paragraphs 1 through 4.5 of this Complaint.

20

21                                                                                 17

22   **YOUNG v. PENA, et al., CIVIL COMPLAINT**      Lawrence A. Hildes, Attorney at Law
                                                      P.O. Box 5405
23                                                    Bellingham, WA 98227
                                                      lhildes@earthlink.net
24                                                    360-715-9788

                                                      ATTORNEY FOR PLAINTIFFS

5.2.   In committing the acts complained of herein, DEFENDANTS acted under color of state law to deprive PLAINTIFF RICHARD AND DANIEL YOUNG., as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)   The right not to be deprived of liberty without due process of law;

(b)   The right to be free from invasion or interference with PLAINTIFF'S zone of privacy;

(c)   The right to equal protection of the law;

(d)   The right to be free from unreasonable search and seizure;

(e)   The Right to Freedom of Expression UNDER THE FIRST AMENDMENT, including objecting to the conduct of the police without arrest and without violent response

(f)   The right to be free from police use of excessive force;

(g)   The right to be free from discriminatory law enforcement;

(h)   The right to be free from Racial Profiling;

(i)   The Right not to be subjected to cruel and unusual punishment deprived of necessary medical treatment (Richard), inspection and photography of Daniel's body while unconscious and receiving medical treatment for injuries inflicted by the officers.)

18

YOUNG v. PENA, et al., CIVIL COMPLAINT

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

5.3     In violating PLAINTIFFS' rights as delineated above, and other rights according to proof, DEFENDANTS acted by verbal threat and intimidation, use of force, false detention, violation of privacy, false arrest and imprisonment and by ratifying personally the above listed conduct, DEFENDANTS acted to violate PLAINTIFFS' rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, resulting in drastic personal, physical, emotional, and economic harm to Plaintiffs.

5.4     DOES 1-100 are the other law enforcement officers, supervisors and personnel involved directly in the incidents in question and/or the direct supervision, training, and disciplining of officers other than command officers, and of developing the policies in question.

5.5     As a direct and proximate result of the violations of their Constitutional rights by DEFENDANTS, and each of them, PLAINTIFFS suffered general and special damages as alleged in this Complaint.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.


**COUNT TWO**
**Violation of Civil Rights**
**(42 USC § 1983)**
(**As To DEFENDANT Johnson, and Does 101-500**)


19

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

1  5.6   PLAINTIFFS re-allege and incorporate herein by reference the allegations

2  set forth in Paragraphs 1 through 5.5 of this Complaint.

3  5.7   At all times herein mentioned, Defendant DAVID JOHNSON and other

4  supervisors of Officers PEÑA, STURLAUGSON, HAURI, AND OTHER OFFICERS ON

5  THE SCENE, acted with deliberate intent and policy to give free rein to the other officers

6  on the scene and BPD Officers in general to engage in RACIAL PROFILING, unlawful

7  detention of an obvious minor, physical and verbal abuse, false arrest and detention and

8  other RACIALLY DISCRIMINATORY and Unconstitutional actions that deprived

9  PLAINTIFFS and many others of their rights secured by the Constitution of the United

10  States, including, but not limited to their rights under the First, Fourth, Fifth, Eighth, and

11  Fourteenth Amendments to the U.S. Constitution, and rights under the Washington

12  State Constitution.

13  5.8   The DOE supervisors of named Defendants acted deliberately to ratify the

14  above-described policy and actions, and participated in the creation and implementation

15  of this policy,  and failed to properly train, supervise, and discipline named Defendants

16  and other involved officers,

17  5.9   The CITY OF BELLINGHAM, and its officials, endorsed, encouraged, and

18  ratified THESE POLICIES to profile subjects based on their race while insisting that the

19  Department did not engage in racial profiling and that they would fire any officer who did

20  so.

21                                                                                                   20

22  **YOUNG v. PENA, et al., CIVIL COMPLAINT**          Lawrence A. Hildes, Attorney at Law
                                                        P.O. Box 5405
23                                                      Bellingham, WA 98227
                                                        lhildes@earthlink.net
24                                                      360-715-9788

                                                        ATTORNEY FOR PLAINTIFFS

5.10   OFFICERS OF THE BELLINGHAM POLICE DEPARTMENT have engaged in repeated acts of Racial Profiling without being disciplined in any way thus fostering an attitude of acceptance and tolerance of racial profiling, resulting in pattern and practice to the severe detriment of community members and visitors of color.

5.11   In committing the acts complained of herein and in their official and individual capacity, JOHNSON and DOE DEFENDANTS acted with a design and intention to deprive PLAINTIFFS. and others of rights secured by the Constitution of the United States and acted with deliberate indifference to PLAINTIFFS' rights.

5.13   As a direct and proximate result of the acts complained of herein, PLAINTIFF A. J. has suffered general and special damages as set forth in this Complaint.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**COUNT THREE**
**RACE DISCRIMINATION**
**(RCW 46.60.030 et seq.)**
**(As to All DEFENDANTS)**

5.14   PLAINTIFFS re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.13 of this Complaint.

5.15 DEFENDANTS PEÑA, STURLAUGSON, HAURI, JOHNSON AND DOES 1-100's singling out of PLAINTIFFS for drastic disparate treatment based on their race, that is shockingly and reprehensibly different in any manner in which they would have

21

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

1  treated similarly situated sleeping white people during a similar investigation is clear and

2  undisguised race discrimination and discriminatory law enforcement based on race.

3       5.16    Allowed and facilitated by DEFENDANTS JOHNSON and Does 101-200,

4  THE CITY OF BELLINGHAM and DOE DEFENDANTS' deliberate policies and actions

5  of race discrimination against Native Americans and other people of color resulted in

6  racist policing and the discriminatory pattern and practice described throughout this

7  Complaint.

8       5.17    All of this violated PLAINTIFFS' right to be free of race discrimination and

9  discriminatory law enforcement based on race in direct violation of RCW 46.60.030, et

10  seq. of the Washington State Constitution.

11       5.18    As a direct and proximate result of the violation of their Constitutional

12  rights by DEFENDANTS, and each of them, PLAINTIFFS suffered general and special

13  damages as alleged in this Complaint.

14       5.19    The conduct of DEFENDANTS was willful, malicious, oppressive, and/or

15  reckless, and was of such a nature that punitive damages should be imposed in an

16  amount commensurate with the wrongful acts alleged herein.

17       WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

18

19

20

21                                                                                                                22

22  **YOUNG v. PENA, et al., CIVIL COMPLAINT**          Lawrence A. Hildes, Attorney at Law
                                                        P.O. Box 5405
23                                                      Bellingham, WA 98227
                                                        lhildes@earthlink.net
24                                                      360-715-9788

                                                        ATTORNEY FOR PLAINTIFFS

1

2

### COUNT FOUR
### BATTERY AND ASSAULT
### (AS TO ALL DEFENDANTS

3

4

     5.20    PLAINTIFFS re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.19 of this Complaint.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

23

**YOUNG v. PENA, et al.,** **CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

1    5.21  By using unnecessary and excessive force throughout the incident

2  including physical blows, taser strikes and shocks, unnecessary pain compliance

3  holds, throwing Plaintiffs to the ground, dragging them outside, and laying hands

4  on then to expose their bodies for evidence photographs and any other force

5  used to make or facilitate the arrests of Plaintiffs and/or the investigation of this

6  incident, Defendants engaged in harmful and offensive touching that was, in

7  each case harmful to Defendants physically and emotionally

8    5.22 Throughout this incident Defendants terrified Plaintiffs and used that

9  fear to attempt to control them and inflict pain and suffering.  It was reasonable

10  for Plaintiffs to believe that Defendants, at any moment were likely to inflict more

11  harmful and/or offensive touching on them, and Plaintiffs did reasonably so fear,

12  thus constituting a common law assault.

13    5.24   As a direct and proximate result of the Batteries and Assaults by

14  Defendants on Plaintiffs, Plaintiffs suffered general and special damages as

15  alleged in this Complaint.

16    5.25   The conduct of Defendants was willful, malicious, oppressive,

17  and/or reckless, and was of such a nature that punitive damages should be

18  imposed in an amount commensurate with the wrongful acts alleged herein.

19    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

20

21                                                                                          24

22  **YOUNG v. PENA, et al., CIVIL COMPLAINT**          Lawrence A. Hildes, Attorney at Law
                                                        P.O. Box 5405
23                                                      Bellingham, WA 98227
                                                        lhildes@earthlink.net
24                                                      360-715-9788

                                                        ATTORNEY FOR PLAINTIFFS

**COUNT FIVE**
**FALSE ARREST**
**(As to All DEFENDANTS)**

5.26 Plaintiffs re-allege and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.25 of this complaint.

5.27 DEFENDANTS, falsely arrested Plaintiff Richard Young on the wholly specious claim that this frail, sick man who could barely walk, charged at and attacked him, thus attempting to justify tasing him twice and otherwise physically brutalize him without any cause or justification.

5.28  As a result of this false arrest and the false statements in Defendants' police reports, Richard Young spent five days in hail and was prevented from receiving his medically vital dialysis treatment and lost his home and became homeless.

5.29 DEFENDANTS' seizure and arrest of PLAINTIFF without  probable cause violated PLAINTIFF'S rights under the Washington State and U.S. Constitutions, and further resulted in the malicious prosecution which followed, and the harm caused thereby.

25

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

1    5.30   Defendants further falsely arrested Plaintiff Daniel Young and held

2    him handcuffed to a hospital bed, on a specious sexual assault charge as to a

3    woman he had never touched, barely spoken to, and barely even seen without

4    ever attempting to speak with Plaintiff or do an actual investigation and despite

5    her use of a patently obvious false name resulting in great pain and humiliation to

6    Plaintiff and the malicious prosecution that followed.

7    5.31 The conduct of DEFENDANTS was willful, malicious, oppressive

8    and/or reckless, and was of such a nature that punitive damages should be

9    imposed in an amount commensurate with the wrongful acts herein alleged.

10    5.32 As a direct and proximate result of the acts complained of herein,

11    PLAINTIFFs have suffered general and special damages as set forth in this

12    complaint.

13    WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

14

15    **COUNT SIX**
**FALSE IMPRISONMENT**
**(As to all DEFENDANTS)**

16

17    5.33 PLAINTIFFS re-allege and incorporate herein by reference the

18    allegations set forth in Paragraphs 1 through 5.32 of this complaint.

19

20

21                                                                 26

22    **YOUNG v. PENA, et al.,** CIVIL COMPLAINT          Lawrence A. Hildes, Attorney at Law
                                                           P.O. Box 5405
23                                                         Bellingham, WA 98227
                                                           lhildes@earthlink.net
24                                                         360-715-9788

                                                           ATTORNEY FOR PLAINTIFFS

1    5.34 As a result of the false arrest and transportation to jail by

2    DEFENDANTS as discussed throughout this complaint, Plaintiff RICHARD

3    YOUNG spent five days imprisoned in the Whatcom County Jail, despite having

4    done nothing wrong, until finally being released on bail on the following Monday,

5    missing his dialysis treatment and suffering great physical and psychological

6    harm.

7    5.35 But for the false arrest and false statements made by PEÑA

8    STURLAUGSON, HAURI and the other involved officers as detailed above,

9    PLAINTIFF would never have undergone this suffering

10    5.36 As a result of the false arrest and transportation to jail by

11    DEFENDANTS, PLAINTIFF DANIEL YOUNG was drugged and taken

12    unconscious and handcuffed to the hospital where he was held handcuffed to his

13    bed for several hoursand subject to the above described humiliation until

14    released only to be charged weeks later, as discussed throughout this complaint,

15    5.37 This was an actual arrest and imprisonment just as if he were taken

16    to jail and held there equally unable to leave and equally under police guard.

17    5.38 The false detention and arrest of PLAINTIFFS was directly and

18    proximately caused by Supervising DEFENDANTS' failure to properly train,

19    supervise, and discipline Defendants and ohave engaged in racial profiling,

20    especially in light of previous incidents that had been brought to their attention.

21                                                                            27

22    **YOUNG v. PENA, et al., CIVIL COMPLAINT**          Lawrence A. Hildes, Attorney at Law
                                                          P.O. Box 5405
23                                                        Bellingham, WA 98227
                                                          lhildes@earthlink.net
24                                                        360-715-9788

                                                          ATTORNEY FOR PLAINTIFFS

1   5.39 As a further direct and proximate result of the false arrest and

2   imprisonment of PLAINTIFFS, they suffered damages and injuries as heretofore

3   alleged in this complaint.

4   5.40 The conduct of DEFENDANTS was willful, malicious, oppressive

5   and/or reckless, and was of such a nature that punitive damages should be

6   imposed in an amount commensurate with the wrongful acts herein alleged.

7   WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

8

9

10

11                           **COUNT SEVEN**
12   **INTENTIONAL INFLICTICTION OF EMOTIONAL DISTRESS/OUTRAGE**
                           **(As to All Defendants)**

13   5.41   PLAINTIFFS re-allege and incorporate herein by reference the allegations

14   set forth in Paragraphs 1 through 5.40 of this Complaint.

15   5.42   By their charging in, awakening Plaintiffs forcefully and abusively in

16   Richard Young's own home, by the lacish and wholly excessive use of tasers and other

17   force, by the false statements and false arrests, false statements, false imprisonment,

18   malicious prosecution, and deliberate incasions of Plaintiffs personal privacy,

19   DEFENDANTS acted in a manner narrowly calculated to cause severe emotional

20   distress to PLAINTIFFS, which they did suffer.

21                                                                              28

22   **YOUNG v. PENA, et al., CIVIL COMPLAINT**      Lawrence A. Hildes, Attorney at Law
                                                     P.O. Box 5405
23                                                   Bellingham, WA 98227
                                                     lhildes@earthlink.net
24                                                   360-715-9788

                                                     ATTORNEY FOR PLAINTIFFS

5.43    In doing so, SERAD's conduct was extreme and outrageous

5.44    By their actions Defendants acted in a manner that was intended to terrify, humiliate, and otherwise cause great emotional distress to PLAINTIFF A. J. and his PARENTS and siblings, which they did suffer in a manner that was wholly foreseeable and predictable.

5.45 as a result, Plaintiffs suffered severe ongoing emotional distress and a rending of their relationship as well as physical manifestations including loss of sleep, nightmares, depression, anxiety, post traumatic stress disorder, and difficulty functioning and enjoying life.,

5.46 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COUNT EIGHT**
**MALICIOUS PROSECUTION**
**(As to All DEFENDANTS)**

5.47 PLAINTIFFS reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.46 of this complaint.

5.48 DEFENDANTS PEÑA, STURLAUGSON, HAURI, JOHNSON, and the other involved Officers falsely arrested PLAINTIFFS and wrote or ratified reports made up of

29

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

wholly false statements about what had occurred, thus resulting in malicious

prosecutions of Plaintiffs for conduct they had not and would never commit, and knew or

reasonably should have known that the statements concerning the supposed actions

and intentions of PLAINTIFFS were false, and the arrests were based on non-existent

Probable Cause.

5.49 This false information resulting in a year-long of PLAINTIFF RICHARD

YOUNG caused him physical harm completely disrupted his life, and forced him to

choose between his dialysis and court hearings that kept getting scheduled on

Wednesdays of his and his counsel's objections, and a seven-month prosecution of

PLAINTIFF DANIEL YOUNG, with several court appearances that caused him great

stress and inconvenience until the case was dismissed.

5.50 As discussed above, both Youngs were forced to hire counsel to defend

them at significant financial cost.

5.51 As a direct and proximate result of the violation of their rights by

DEFENDANTS, and of DEFENDANTS' tortious conduct towards PLAINTIFFS,

PLAINTIFFS suffered general and special damages as alleged in this complaint.

5.52 The malicious prosecution of PLAINTIFF was directly and proximately

caused by Supervising DEFENDANTS' and DOEs failure to properly train, supervise,

and discipline DEFENDANTS other BPD officers involved in racial profiling

30

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

5.53 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


## VI. JURY TRIAL DEMAND

6.1 PLAINTIFFS hereby demand a jury trial in this matter.


## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against the DEFENDANTS as follows:

7.1     For general damages including pain and suffering together with special damages for PLAINTIFFS' reasonable and necessary legal expenses, and medical expenses both past and future, the exact amount of which will be established at the time of trial;

7.2     For punitive damages in an amount to be proven at trial pursuant to Federal and State law;

7.3     For actual attorney's fees and litigation costs pursuant to 42 U.S.C. 1988;

31

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

7.4     For statutory attorney's fees and costs; and

7.5     For court supervised training and regulations requiring that the City and the Department establish controls and review processes, and proper non-discriminatory policies to ensure that such physical and emotional abuses and abuses of privacy do not occur again.

7.6 That a special manager be appointed to ensure that the Department cease engaging in racial profiling and other racially discriminatory conduct.

7.7 That all police policy changes be readily available to the public on BPD and the City's websites and that a public announcement be made of any such changes.

7.8 That the Department be mandated to keep full, complete, and proper statistics of all law enforcement encounters by race, including Latinos as a separate category and that those statistics be audited by an outside agency approved by the community on a quarterly basis.

7.9 That the Department be overseen by a civilian review board, whose members are appointed by and accountable to the community, not the mayor, with enforcement and investigative authority.

7.10     For such other and further relief as the Court deems just and proper.


//

//

32

**YOUNG v. PENA, et al.,** **CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS

RESPECTFULLY SUBMITTED: July 6, 2017

_____/s/ LAWRENCE A. HILDES_____
LAWRENCE A. HILDES , WSBA# 35035
P.O. Box 5405, Bellingham, WA 98227
Phone: (360) 715-9788, E-mail: lhildes@earthlink.net
Attorney for Plaintiffs RICHARD AND DANIEL (KATHERINE) YOUNG

33

**YOUNG v. PENA, et al., CIVIL COMPLAINT**

Lawrence A. Hildes, Attorney at Law
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net
360-715-9788

ATTORNEY FOR PLAINTIFFS