|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 9 | | |
| 10 | DANIEL YOUNG, et al., | CASE NO. C18-1007JLR |
| 11 | Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO RENOTE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| 12 | v. | |
| 13 | PATRICK E. PENA, et al., | |
| 14 | Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiffs Daniel Young and Richard Young's (collectively, "Plaintiffs") motion to renote Defendants Patrick Pena, Nicolas Sturlaugson, Travis Hauri, David Johnson, City of Bellingham, and Does 1-200's (collectively, "Defendants") motion for summary judgment. (MTR (Dkt. # 23); *see also* MSJ (Dkt. # 11).) Plaintiffs request a 45-day extension in which to respond to Defendants' summary judgment motion. (MTR at 1-4.) Defendants oppose the motion. (Resp. (Dkt. # 25).) The court has considered the motion, the parties' submissions that concern the

ORDER - 1

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Plaintiffs' motion.

## II. BACKGROUND AND ANALYSIS

Plaintiffs filed this action on July 10, 2018. (*See* Compl. (Dkt. # 1).) On December 3, 2018, Defendants filed a summary judgment motion, which was originally noted for January 4, 2018. (*See* MSJ at 1.) On December 10, 2018, Defendants renoted their summary judgment motion to February 1, 2019. (Not. (Dkt. # 22) at 1.) As a result of Defendants renoting their motion, the deadline for Plaintiffs' summary judgment response changed to January 28, 2019. *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."). On January 23, 2019, Plaintiffs filed the present motion, seeking an extension of time in which to file their summary judgment response. (*See* MTR.)

Under Federal Rule of Civil Procedure 6(b), the court may extend a deadline for "good cause" if the request is made before the original time or an extension of the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Here, Plaintiffs requested an extension of time prior to the January 28, 2019, deadline for their summary judgment response. Thus, the court considers Plaintiffs' motion under the Rule 6 "good cause" standard.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253,

---

[1] The parties have not requested oral argument (*see* MTR at 1; Resp. at 1), and the court has determined that oral argument would not be of assistance in deciding the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1259 (9th Cir. 2010). Moreover, Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id.* at 1258-59 (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (3d ed. 2004)).

Here, the court has no difficulty finding that Plaintiffs have demonstrated good cause for an extension of time to file their summary judgment response. Plaintiffs' motion is based on a number of unfortunate circumstances afflicting their counsel, Lawrence Hildes. (*See generally* MTR.) First, in February 2017, Mr. Hildes was diagnosed with congestive heart failure and had to spend 10 days in the hospital. (*Id.* at 2.) Although this diagnosis occurred before Plaintiffs filed the present suit, Mr. Hildes represents that he was hospitalized overnight in October 2018 due to this disease and has spent "significant time" recovering. (*Id.*) Second, in November 2017, Mr. Hildes's home and office burned down, along with his computers and files. (*Id.*) Again, although this occurred before the present suit, Mr. Hildes represents that he has not yet reached a resolution with his insurance company and therefore he and his wife "have been living in a hotel suite and forced to sue the insurance company," which "has taken up a great deal of counsel's time." (*Id.* at 3.) Third, Mr. Hildes represents that during this time period, he and his wife were "in a serious car accident where their car was totaled," and that he "lost a beloved cousin." (*Id.*) Fourth, on December 28, 2018, Mr. Hildes's wife was diagnosed with breast cancer. (*Id.*) Mr. Hildes explains that "[t]he past several weeks

have been largely filled with [his] wife's medical appointments, as well as his own." (*Id.*) Mr. Hildes also represents that he "is a solo practitioner, and his wife is his entire staff." (*Id.*) Lastly, Plaintiffs argue that Defendants will not be prejudiced by a 45-day extension because this case is at its earliest stages "and discovery has not even begun." (*Id.* at 4.)

Defendants oppose the motion on a number of grounds. (*See generally* Resp.) Defendants first argue that Plaintiffs' motion "is untimely under LCR 7(j) as it is currently noted for the summary judgment noting date." (*Id.* at 1.) Defendants are wrong. Local Rule 7(j) explains that a motion for relief from a deadline "should, whenever possible, be *filed* sufficiently in advance of the deadline," not that the motion for relief should *note* sufficiently in advance of the deadline. Local Rules W.D. Wash. LCR 7(j) (emphasis added). Plaintiffs filed the present motion five days before their summary judgment response was due. Plaintiffs satisfied Local Rule 7(j). (*See generally* Not.; MTR.)

Defendants' second argument is simply off-base. Defendants request that the court deny Plaintiffs' motion because it does not comply with the strictures of Federal Rule of Civil Procedure 56(d). (Resp. at 2.) But Plaintiffs' motion does not implicate Rule 56(d) in any way. (*See generally* MTR.)

Defendants' remaining contentions are that, through renoting their summary judgment motion from January 4, 2019, to February 1, 2019, Defendants have already provided Plaintiffs with a significant extension in which to respond. (Resp. at 2.) Moreover, Defendants explain that, while they are aware of and sympathetic to Mr.

Hildes's circumstances, Plaintiffs are the ones who filed this lawsuit and Defendants "have the right to have this matter heard within a reasonable period of time and according to the court rules." (*Id.* at 2-3.)

Notably absent from Defendants' response are any allegations of bad faith on the part of Plaintiffs or that an extension of time would prejudice Defendants. (*See generally id.*) Awarding Plaintiffs an additional 45 days to respond will not prevent this case from being adjudicated "within a reasonable period of time." (*Id.* at 3.) Nor will it violate any court rules—certainly not the two that Defendants cited in their opposition. (*Id.* at 1-3.) In light of Plaintiffs' allegations, and absent a showing of bad faith or prejudice, the court finds good cause to extend Plaintiffs' summary judgment response deadline by 45 days. The court therefore GRANTS Plaintiffs' motion.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for an extension of time to file their summary judgment response. (Dkt. # 23.) Moreover, in consideration of Defendants' counsel's availability (*see* Brady Decl. (Dkt. # 26) ¶¶ 3-4), the court DIRECTS the Clerk to renote Defendants' motion for summary judgment (Dkt. # 11) to March 29, 2019.

Dated this 6th day of February, 2019.

JAMES L. ROBART
United States District Judge