|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| WESTERN DISTRICT OF WASHINGTON | |
| AT SEATTLE | |

| | |
|---|---|
| DANIEL YOUNG, et al., | CASE NO. C18-1007JLR |
| Plaintiffs, | ORDER |
| v. | |
| PATRICK E. PENA, et al., | |
| Defendants. | |

Before the court is Plaintiffs Daniel Young and Richard Young's (collectively, "Plaintiffs") motion to file an overlength summary judgment response and motion for an extension of time to file their response. (Mot. (Dkt. # 37); *see also* Hildes Decl. (Dkt. # 38).) For the following reasons, the court DENIES Plaintiffs' motion to file an overlength response and GRANTS Plaintiffs' motion for an extension of time to file their response.

Motions to file an overlength brief "are disfavored." *See* Local Rules W.D. Wash. LCR 7(f). But, when a party files such a motion, the party must comply with the

procedure provided by Local Rule 7(f). *See id.* Pursuant to Local Rule 7(f), "[t]he motion shall be filed as soon as possible but no later than three days before the underlying motion or brief is due . . . ." *Id.* Here, Plaintiffs' submitted their motion to file an overlength response on April 23, 2019, one day after the summary judgment response deadline. (*See generally* Mot.; *see also* 4/15/19 Order (Dkt. # 33) at 2.) In other words, Plaintiffs' request is untimely under the Local Rules. *See* Local Rules W.D. Wash. LCR 7(f). Accordingly, the court DENIES Plaintiffs' motion to file an overlength response.

Plaintiffs have already filed a 30-page summary judgment response—not counting the caption, signature block, and certificate of service—even though the Local Rules limit such briefs to 24 pages. (*See* MSJ Resp. (Dkt. # 34)); *see also* Local Rules W.D. Wash. LCR 7(e)(6) ("Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit."); *id.* LCR 7(e)(3) (explaining that briefs in opposition to motions for summary judgment "shall not exceed twenty-four pages"). Considering that the first page of Plaintiffs' summary judgment response is solely the case caption (*see* MSJ Resp. at 1), the court will disregard the text of Plaintiffs' summary judgment response that appears after page 25, *see* Local Rules W.D. Wash. LCR 7(e)(6) ("The court may refuse to consider any text, including footnotes, which is not included within the page limits.").

Further, Plaintiffs' summary judgment response was due on April 22, 2019. (*See* 4/15/19 Order at 2.) Plaintiffs filed their response on April 23, 2019, at 5:08 a.m. (*See* MSJ Resp.) The court notes that this is its fourth order on the inability of Plaintiffs'

| | |
|---|---|
| 1 | counsel, Lawrence Hildes, to meet the summary judgment response deadline. (*See* 2/6/19 |
| 2 | Order (Dkt. # 27); 4/8/19 Order (Dkt. # 30); 4/15/19 Order.) That said, the court finds |
| 3 | that Plaintiffs exhibited excusable neglect in failing to comply with the April 22, 2019, |
| 4 | deadline. *See* Fed. R. Civ. P. 6(b)(1)(B) (explaining that motions for an extension of time |
| 5 | made after the deadline has expired are analyzed under the "excusable neglect" standard). |
| 6 | The court therefore GRANTS Plaintiffs' motion for a five-hour-and-nine-minute |
| 7 | extension of time to file their response. |
| 8 | Dated this 23rd day of April, 2019. |

JAMES L. ROBART
United States District Judge