UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL AND RICHARD YOUNG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK PENA, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-1007-JLR-MLP <br><br> ORDER GRANTING MOTION TO SEAL AND ORDERING DEFENDANTS TO SHOW CAUSE |

This matter comes before the Court upon Defendants' motion for an order to maintain certain photographs under seal, which Defendants filed as an Exhibit to the Second Declaration of Travis Hauri in support of Defendants' Second Motion for Summary Judgment. (Dkt. # 66.) Specifically, the photographs depict Plaintiff Katherine Wren Katzenjammer largely in the nude, apart from her underwear and a hospital gown lifted overhead. (Dkt. # 68.)

There is a strong presumption in favor of public access to judicial records and documents. As the Ninth Circuit explained in *Kamakana v. City & Cty. of Honolulu*, "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in

favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Court documents associated with non-dispositive motions may be sealed for "good cause," whereas documents associated with dispositive motions may be sealed only for "compelling reasons." *Kamakana*, 447 F.3d at 1180-81 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)).

The distinction between dispositive and non-dispositive motions exists because "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also Foltz*, 447 F.3d at 1180 (explaining that "[t]here are good reasons to distinguish between dispositive and nondispositive motions"). As the court explained in *Kamakana*:

> [T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.

447 F.3d at 1179 (citation and quotation marks omitted).

Accordingly, the compelling reasons standard applies to the partially nude pictures of Ms. Katzenjammer filed in support of Defendants' second summary judgment motion. Defendants describe the content of the pictures in detail in their recent summary judgment motion, as Ms. Katzenjammer's level of undress depicted in the images is a central issue in the case. As Defendants assert in their motion to seal, "the facts in this case are based largely on the photographs and whether they violate the Plaintiff's privacy. The Plaintiff claims the photographs are private and sensitive in nature and she claims damages based on her appearance

in the photographs and that the photographs were taken." (Dkt. # 66 at 1.) Due to the sensitive nature of the claims and photographs, Defendants believe the photographs should be maintained under seal pursuant to LCR 5(g). (*Id.* at 2.) Defense counsel did attempt to confer with Plaintiff's counsel to confirm that Plaintiff did not oppose the motion to seal, but Plaintiff's counsel was unavailable and did not promptly respond. (Dkt. # 67 (10/9/2019 Brady Decl.) at ¶¶ 3-6.)

The Court finds that Defendants have made reasonable attempts to confer with Plaintiff before filing the motion to seal the photographs, and that compelling reasons exist to maintain the photographs under seal. Ms. Katzenjammer's privacy interest in photographs of her bare abdomen, chest, and underwear is a sufficiently compelling reason to seal the photographs from public view. Accordingly, Defendants' motion to maintain Exhibit A to the Second Declaration of Travis Hauri (dkt. # 68) under seal is GRANTED.

It is not clear, however, that Defendants should be permitted to file a second motion for summary judgment at all. Defendants' motion concerns the same issues for which this Court previously denied them summary judgment: (1) Ms. Katzenjammer's unlawful search claim under the Fourth Amendment and (2) Ms. Katzenjammer's claim for outrage. (Dkt. # 61 (Sec. Mot. for Summ. Judg.).) As the parties are well aware, this Court previously recommended denial of Defendants' motion for summary judgment on these claims on June 28, 2019, and the Honorable James L. Robart adopted that recommendation. (Dkt. ## 50, 53.)

The Ninth Circuit has held that district courts have discretion to entertain successive motions for summary judgment, independent of whether the motions involve qualified immunity. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910 (9th Cir. 2010); *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). However, the Ninth Circuit also cautioned that district courts should "weed out frivolous or simply repetitive motions." *Hoffman*, 593 F.3d at 911. In exercising its

discretion on this question, a district court may consider the following factors: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." *Kische USA LLC v. Simsek*, Case No. C16-0168-JLR, 2017 WL 5881322, *3 (W.D. Wash. November 29, 2017) (citing *Brazill v. Cal. Northstate Coll. of Pharm., LLC*, No. CIV. 2:12-1218 WBS GGH, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013)). As this Court previously recognized in *Kische*, "if left unchecked, repetitive motions practice can create significant costs and expend considerable court resources." *Id.* at *4.

Defendants' second motion for summary judgment does not clearly articulate the reasons why the Court should exercise its discretion to consider their repetitive dispositive motion. (Sec. Mot. for Summ. J.) Rather, Defendants imply that the Court should consider its motion due to the availability of an expanded factual record that contains the photographs taken by Defendants of Ms. Katzenjammer's body at the hospital. Specifically, Defendants assert that, "[a]fter completing discovery, the Defendants bring this second motion to dismiss the Plaintiff's remaining claims because discovery has shown that the Plaintiff was not naked when the photographs were taken…." (*Id.* at 1.) Similarly, Defendants acknowledge the Court's previous denial of summary judgment on these two claims "based on the scant record before it at the time, which (1) included a presumption that the Plaintiff was naked; and (2) did not include the photographs." (*Id.* at 5.) Defendants then assert that "[b]ased on the evidence obtained through discovery it is now undisputed that the Plaintiff was not naked and that no pictures of her genitalia or buttocks were taken." (*Id.*)

It is not clear why the photographs of Ms. Katzenjammer taken by Defendants were not included in the record along with their first motion for summary judgment, as Defendants (rather

than Plaintiff) were presumably in the best position to obtain the photographs. Defendants' vague assertion that the photographs were "obtained through discovery" may be misleading, as Ms. Katzenjammer's deposition transcript (dkt. # 62, Ex. A (Katzenjammer Dep.) at 35:14-38:3) makes it clear that Plaintiff saw the pictures for the first time in late September 2019. If the record before the Court at the time of its prior ruling on Defendants' first motion for summary judgment did not include the photographs due to Defendants' failure to timely request them before filing their dispositive motion, it would be inequitable – and a substantial waste of this Court's time and resources – to allow Defendants to file a successive motion simply because they have now decided to obtain the photographs and include them as an exhibit. Indeed, the Court emphasized the importance of the parties' factual dispute regarding this claim before it ruled on Defendants' motion for summary judgment by directing both parties to be prepared to address the issue at oral argument in June 2019. (Dkt. # 48 at 1 (Minute Order).)

Accordingly, Defendants are ORDERED to SHOW CAUSE why the Court should exercise its discretion to consider the merits of their second summary judgment motion by no later than **Wednesday, October 16, 2019**. If Plaintiffs wish to file a reply to Defendants' response, they may do so by no later than **Friday, October 18, 2019**.

The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 9th day of October, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge