UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL YOUNG, *et al.*,

    Plaintiffs,

v.

PATRICK E. PENA, *et al.*,

    Defendants.

Case No. C18-1007-JLR-MLP

ORDER

This matter comes before the Court upon Defendants' Response to the Court's October 9, 2019 Order to Show Cause why the Court should exercise its discretion to consider the merits of their second summary judgment motion. (Dkt. # 70 (Defendants' Response to Order to Show Cause ("Response")).) Defendants assert that the Court should allow their second summary judgment motion, despite the fact that the subject substantially overlaps with the first summary judgment motion, because of "new evidence and an expanded factual record" which is only now before the Court. (*Id*. at 1-2.) Specifically, Defendants argue that during Plaintiff's September 25, 2019 deposition, Plaintiff admitted for the first time that (1) Plaintiff was not fully naked in

ORDER - 1

the photographs taken of her by Defendants at the hospital, (2) her genitalia was not exposed or photographed, (3) she had not begun the process of affirming her gender identity on the date in question, and (4) she had no recollection of the events at the hospital. (Dkt. # 62, Ex. A (Katzenjammer deposition excerpts).) In addition, Defendants assert that "we now know that the involved police officers do not recall lifting the Plaintiff's hospital gown when the photographs were taken." (Response at 2.)

Although Defendants fail to provide a satisfactory explanation for their failure to include the hospital photographs of Plaintiff taken by Defendants as exhibits to their first motion for summary judgment (as such photographs would have revealed nearly all of the "new facts" they now allege), Defendants also point out that Plaintiffs had received the photographs through its initial disclosures on September 24, 2018. (Response at 4.) Thus, both parties had the photographs at the time the first summary judgment motion was filed and could have provided them to the Court. (*Id*.) Defendants also represent that they did not understand the importance of these pictures in relation to Plaintiff's Fourth Amendment claims until after Plaintiff filed her response to Defendants' summary judgment motion. (*Id*. at 5.)

Plaintiff did not move to strike Defendants' second motion for summary judgment as successive, or accept the Court's invitation to file a reply to Defendants' response to the Order to Show Cause. However, during an October 22, 2019 telephonic status conference, Plaintiff orally objected to the successive summary judgment motion, arguing that no "new evidence" had been uncovered. (Dkt. # 71.) Finally, Plaintiff requests a two-week extension of time to allow Plaintiff

ORDER - 2

sufficient time to file an opposition due to a recent medical emergency, if the Court does elect to consider the motion.

The Ninth Circuit has held that district courts have discretion to entertain successive motions for summary judgment, independent of whether the motions involve qualified immunity. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910 (9th Cir. 2010); *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). In exercising its discretion on this question, a district court may consider the following factors: "(1) an intervening change in controlling law, (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." *Kische USA LLC v. Simsek*, Case No. C16-0168-JLR, 2017 WL 5881322, *3 (W.D. Wash. November 29, 2017).

The Court finds that, although Defendants do not appear to have exercised due diligence in providing the Court with the hospital photographs of Ms. Katzenjammer in a timely manner, this is equally true of Plaintiff. The record is also substantially more complete at this time than it was at the time of the Court's first Report and Recommendation on Defendants' motion for summary judgment. In ruling on Defendants' prior motion, the Court had to presume the veracity of Plaintiff's allegation that she was naked, her genitalia was exposed, she was undergoing the process of affirming her identity, and the officers lifted her hospital gown in order to photograph the areas where the taser probes had entered her body. (Dkt. # 50 at 30 ("If Ms. Katzenjammer was indeed wearing only a hospital gown, which Defendants do not appear to dispute, then the Defendants presumably manipulated her unconscious body – including lifting her hospital gown

ORDER - 3

and exposing her naked genitals – to photograph her abdomen and thigh.").) Thus, the motion, however repetitive, is not frivolous. *Hoffman*, 593 F.3d at 911.

Accordingly, in the interest of judicial economy, the Court shall exercise its discretion to consider Defendants' second summary judgment motion. Plaintiff's request for a two-week extension of time to oppose the summary judgment motion is GRANTED. Plaintiff shall file her opposition to Defendants' summary judgment motion by no later than **November 12, 2019**. The Clerk is directed to RE-NOTE Defendants' second motion for summary judgment (dkt. # 61) for the Court's consideration on **Friday, November 15, 2019**.

The Clerk is directed to send copies of this Order to the parties and to the Honorable James L. Robart.

Dated this 23rd day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4