# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DANIEL YOUNG, et al.,

    Plaintiffs,

v.

PATRICK E. PENA, et al.,

    Defendants.

Case No. C18-1007-JLR-MLP

ORDER SCHEDULING ORAL ARGUMENT ON DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' second motion for summary judgment in this matter. (Dkt. # 61.) Defendants' primary argument is that the Court should dismiss this case on grounds of qualified immunity, because "the caselaw draws a clear distinction between searches where law enforcement views a naked body or genitalia, and much less invasive searches that involve viewing undergarments." (*Id*. at 11.) In support of this argument, Defendants cite to numerous federal cases where, indeed, federal courts held that strip searches violated the Fourth Amendment because police officers exposed the subject's genitalia, buttocks, or breasts during the search, at times in a public setting. (*Id*. at 9-10.)

However, in support of Defendants' contention that courts have found that "searches that involve the exposure of an undergarment outside of the public view are reasonable and do not

ORDER SCHEDULING ORAL ARGUMENT ON
DEFENDANTS' SECOND MOTION FOR
SUMMARY JUDGMENT - 1

violate the Fourth Amendment," which is the crux of Defendants' second motion for summary judgment, the authority cited by Defendants appears sorely lacking. Defendants appear to primarily rely on a Ninth Circuit case from 1978, *United States v. Palmer*, in which a customs agent ordered a subject to lift her skirt, revealing her girdle, and the court held that it was not a strip search. 575 F.2d 721, 722-23 (9th Cir. 1978). Similarly, Defendants cite to *United States v. Dorlouis*, in which the Fourth Circuit held that requiring a subject to pull down his pants in the privacy of a police van, revealing his boxer shorts, was not a strip search. 107 F.3d 248 (4th Cir. 1997). Defendants represent the holdings of these cases accurately, although they are not recent decisions.

Defendants fail to acknowledge that the third and final case they cite for this proposition, *Scallion v. City of Hawthorne*, Case No. C05-6849-GAF, 2006 WL 8436208 (C.D. Cal. December 19, 2006), was reversed by the Ninth Circuit due to concerns that the search at issue violated the Fourth Amendment. Specifically, the district court in *Scallion* held that when a police officer who was helping a subject remove a bellybutton piercing lifted her shirt, exposing her bare breasts, his conduct did not constitute a strip search. *Id*. at *7. The district court held "like *Palmer*, in which looking underneath a skirt to search for contraband in a girdle was not a strip search, lifting Scallion's shirt to search for contraband in a bra or the breast area does not fall within the definition of an illegal strip search, even though it turned out that Scallion was not wearing a bra." *Id*. The Ninth Circuit reversed this decision, finding that the "district court erred . . . by ruling that the booking search of Scallion at the police station was reasonable and was not an illegal strip search in violation of the Fourth Amendment. There remain genuine issues of material fact with respect to the circumstances of the search and Officer Newenham's statement that she 'examined' Scallion's breast area for contraband." *Scallion v. City of Hawthorne*, 280

Fed. Appx. 671, 673, 2008 WL 2230070 (9th Cir. May 29, 2008) (citing *Palmer,* 575 F.2d at 723 (lifting of a skirt to reveal an undergarment "tend[ed] toward the strip search in that if conducted in public it can be said to result in embarrassment to one of reasonable sensibilities"); Cal. Penal Code § 4030(c) (defining a strip search as "a search which requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underclothing, breasts, buttocks, or genitalia of such person").)

Most significantly, the Court notes that in reversing the lower court, the Ninth Circuit in *Hawthorne* cited to the California Penal Code definition of a "strip search," which includes requiring a person to remove or arrange their clothing to permit a visual inspection of underclothing, as well as breasts, buttocks, or genitalia of such person. *See* Cal. Penal Code § 4030(c). Nowhere in Defendants' brief do they acknowledge the fact that the "Searches and Seizures" chapter of Washington's Criminal Procedure Code, which would clearly govern the conduct of Sgt. Johnson and Officer Hauri, includes a nearly identical definition of "strip search." Specifically, RCW 10.79.070(1) defines "strip search" as "having a person remove or arrange some or all of his or her clothing so as to permit an inspection of the genitals, buttocks, anus, *or undergarments* of the person or breasts of a female person." (emphasis added).

Defendants ask the Court to find that Plaintiff's alleged privacy right to be free from the search at issue was not "clearly established" at the time Defendants took the photographs. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). To determine whether a right was clearly established, "the standard is one of fair warning: where the contours of the right have been defined with sufficient specificity that a state official had fair warning that [his] conduct deprived a victim of his rights, [he] is not entitled to qualified immunity." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (quotation marks

and citation omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (internal citations omitted); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.").

To date, Defendants have not attempted to address how RCW 10.79.070(1) affects the qualified immunity analysis. If the officers asked medical personnel to move Plaintiff's hospital gown so as to permit inspection of the use of force injuries on his body – and in this case it is undisputed that this visual inspection included inspection of his undergarments – wouldn't the officers have had "fair warning" that they were still conducting a "strip search" of a person who was not under arrest?

The Court ORDERS the parties to appear for oral argument telephonically on **Monday, November 25, 2019 at 1:00 p.m.** to address these issues, and Defendants' second motion for summary judgment. The parties may, but are not required, to file a supplemental brief of no more than six (6) pages addressing the issue of qualified immunity by 10:00 a.m. on Monday before the hearing.

The Clerk is directed to send copies of this Order to the parties and to the Honorable James L. Robart.

Dated this 21st day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER SCHEDULING ORAL ARGUMENT ON
DEFENDANTS' SECOND MOTION FOR
SUMMARY JUDGMENT - 4